**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gerald L. Trooien, individually; Walker Aircraft, LLC; and JLT Aircraft Holding Company, LLC,

Plaintiffs,

v.

Patrick W.M. Imeson, an individual,

Defendant.

Civil No. 09-507 (DWF/JJG)

**MEMORANDUM OPINION AND ORDER**

---

George G. Eck, Esq., and Sellano L. Simmons, Esq., Dorsey & Whitney LLP, counsel for Plaintiffs.

Charles K. Maier, Esq., Gray Plant Mooty Mooty & Bennett, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court upon a Motion to Dismiss brought by Defendant Patrick W.M. Imeson. For the reasons set forth below, the Court denies the motion without prejudice and grants Plaintiffs thirty days from the date of this order to amend their Complaint.

## BACKGROUND

Plaintiff Gerald L. Trooien ("Trooien") is the Chief Manager of Plaintiffs Walker Aircraft, LLC ("Walker") and JLT Aircraft Holding Company, LLC ("JLT"). According to the Complaint, Walker and JLT leased three airplanes to Aspen Executive Air LLC

("Aspen"). The Complaint alleges that Defendant was "an officer, manager and agent of Aspen," (Compl. ¶ 8.), and that Defendant engaged in fraud and negligent misrepresentation in connection with the three aircraft leases.[1] Defendant contends that the Complaint fails to plead these claims with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b).[2]

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule, however, must be read in conjunction with Federal Rule of Civil Procedure 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Eighth Circuit has explained that, for the purposes of Rule 9(b), "'circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the

---

[1] The complaint also alleged that Defendant was liable to Plaintiffs under a controlling officer liability theory. (Compl. ¶¶ 53-56.) In their responsive memorandum, however, Plaintiffs agreed to the dismissal of this claim. (Pls.' Mem. of Law at 9.)

[2] Defendant also argues that Plaintiffs fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiffs' claims may only be asserted against Aspen and are the subject of a judgment already obtained against Aspen. Defendant further contends that Trooien cannot state a claim because he was not a party to the aircraft leases at issue and any harm done to him is merely derivative. As discussed herein, the Court determines that Plaintiffs should be permitted to amend their complaint. Given this, the Court declines to address these arguments at this time, except to note that at the hearing on the present motion Plaintiffs indicated that they were examining whether Trooien should remain in the case as a plaintiff. The Court's denial of Defendants' motion to dismiss is without prejudice and if, after the complaint has been amended, Defendant believes these arguments remain valid, Defendant may request that the Court examine these issues further.

misrepresentation and what was obtained or given up thereby." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997) (quotations omitted). One of the main purposes of Rule 9 is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud. *Greenwood v. Dittmer*, 776 F.2d 785, 789 (8th Cir. 1985); *see also Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (fraud allegations necessitate "a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct."). Therefore, conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. *In re Flight Transp. Corp. Sec. Litig.*, 593 F. Supp. 612, 620 (D. Minn. 1984).

The Complaint alleges that Defendant made material misrepresentations that Aspen had money in its accounts, or would be receiving money, and that lease payments would be made. According to the complaint, Defendant made these statements in a series of electronic mail messages and Plaintiffs indicated at the hearing on this motion that they possess copies of these messages. The Complaint, however, offers only general characterizations of the statements made without any specific details. Plaintiffs nevertheless contend that the Complaint's allegations are sufficiently particular to satisfy Rule 9.

The cases Plaintiffs cite in support of their argument do not weigh in their favor. For instance, Plaintiffs contends that the allegations in *Conwed Corporation v. Employers Reinsurance Corporation*, were similar to the allegations in this case and were held to be sufficient. 816 F. Supp. 1360 (D. Minn. 1993). *Conwed*, however, analyzed the

complaint at issue pursuant to a motion to dismiss brought under Rule 12(b)(6), not under Rule 9. Further, the opinion in *Conwed* contains a list of the allegations generally made in the complaint with references to specific paragraphs, but does not quote the text of any of those paragraphs. Without more information about the specific allegations made in those paragraphs, the Court cannot determine whether the complaints in the two cases are, in fact, similar.

In *Abels*, the Eighth Circuit determined that allegations of fraud were sufficiently pled where the plaintiffs alleged that communications relevant to claims of fraud and RICO violations were made between third-parties. Plaintiffs, without the benefit of discovery, did not yet have information about the specific content of these communications. 259 F.3d at 921. To the extent that plaintiffs possessed communications from the defendants, such communications were attached to the complaint. *Id*. In contrast, Plaintiffs here have copies of the electronic messages in which they contend fraudulent statements were made, but they have not attached them to the Complaint, nor have they quoted even one of the alleged misrepresentations contained therein. Allegations of a fraudulent scheme involving a course of conduct for an extended period of time, or a series of transactions, need not recite the fact of each transaction in detail. *Bale v. Dean Witter Reynolds, Inc.*, 627 F. Supp. 650, 652 (8th Cir. 1986). In this case, however, the Complaint does not allege any specific details other than stating the dates on which the electronic mail messages were sent.

In contrast, the allegations in *Commercial Property Investments, Inc. v. Quality Inns International, Inc.*, 61 F.3d 639 (8th Cir. 1995), were stated with far more specificity

than the allegations in the present Complaint. In that case, the plaintiff alleged that the defendant's agent made misrepresentations regarding the occupancy rate and likely profits of a motel operated under a franchise agreement. *Commercial Prop. Invs., Inc.*, 61 F.3d at 645-46. Among these representations were that the motel would have an occupancy rate of 67 to 70 percent and, at worst case, would achieve an occupancy rate of 60 percent; the motel would at least break even during the first year of operation; the occupancy rate for the motel would equal or exceed the performance of other specific hotel or motel operations in the Roseville, Minnesota area that had occupancy rates in the high 70's to 90 percent range. *Id*. at 645. In contrast, the most specific allegations in the Complaint here allege that Defendant promised Aspen would make payments upon the leases when he knew timely payments would not be made; that he represented that Aspen had received funds by wire; that funds would be deposited to an account in the Cayman Islands; and that funds were being made available from another entity called Calim. (Compl. ¶¶ 37, 42.)

On the whole, the Court cannot conclude that the allegations in the Complaint are stated with sufficient particularity to meet the requirements of Rule 9(b). Leave to amend, however, is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court determines that Plaintiffs should be given an opportunity to amend their Complaint and grants Plaintiffs thirty days from the date of this order to do so.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. 2) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs shall have 30 days in which to file an amended complaint.

Dated: July 1, 2009

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court